PRENTISS & FROST *v.* SPALDING.

Covenant. The declaration set forth a covenant alleged to be contained in a replevin bond, of the same tenor with the condition of such a bond, as prescribed by the statute. (R. S. 1838, p. 524, § 5.) Default for want of plea, and final judgment for damages. On error to reverse the judgment, *Held,*

1. That it was competent for the parties to add to the condition of a replevin bond a covenant of the same tenor; and, on breach, covenant broken might be maintained upon it.

2. That it would be presumed that the bond in this case contained such covenant; and not that the action was founded upon the condition of the bond.

3. That it was not necessary that the declaration should set forth the penal part of the bond; it being sufficient for the plaintiff to set forth only so much of an instrument as constitutes the foundation of his action.

4. That the judgment was regular in being for damages, instead of the penalty of the bond.

The assessment of damages by the clerk is considered as made by the court, (R. S. 1838, p. 451, § 4,) and should appear to have been so made in the judgment record; although the journal entry, from which such record is made up, properly shows that the damages were assessed by the clerk.

Under R. S. 1838, p. 450, § 4, the clerk may assess the plaintiff's damages, on default to a declaration upon a covenant to pay the costs and damages which should be awarded in a certain cause, alleging a recovery in the cause, and its date and amount.

Judgment against P. and F. on their joint covenant that P. should pay all costs and damages which should be awarded against him in a certain cause. It did not appear to have been shown to the court, nor did the record show it to be certified by the clerk, " which of the defendants was principal, and which surety or bail " (R. S. 1838, p. 451, § 9.) *Held,* no ground for reversal of the judgment on error.

ERROR to Monroe Circuit Court. Spalding was the plaintiff in the court below, and declared against Prentiss and Frost in an action of covenant broken.

The declaration, as appears by the record, after reciting the issuing from Monroe circuit court, and the service and return, by one Nims, a deputy sheriff, of a writ of replevin in favor of Prentiss, against Spalding, for one bay mare, alleges that "the said defendants in consideration of the premises, and in consideration that the said Nims, deputy sheriff as aforesaid, would then and there deliver to the said Prentiss, the possession of said bay mare, by virtue of said writ, did, on," &c. "in and by their certain deed in writing, commonly called a *replevin bond*, (in a penalty double the amount of the value of said mare, as so appraised as aforesaid,) sealed with their seals, and signed by the said defendants, (which said replevin bond so sealed by the said defendants the said plaintiff now brings here into court,) the date whereof is the day and year aforesaid, *covenant*, to and with the said plaintiff, that the said Prentiss should appear at the next circuit court for said county to which said writ was returnable, on the fourth Tuesday of June (then) next ensuing, and prosecute his said

writ of replevin to final judgment, and pay all costs and damages which should be assessed against him by said court, and return the said bay mare if return thereof should be ordered by the court; and the said Nims, deputy sheriff as aforesaid, did then and there deliver the said bay mare to said Prentiss by virtue of said writ." The declaration then sets forth the proceedings in the replevin suit to the recovery of a judgment by Spalding against Prentiss, for $63.00 damages and $50.08 costs, and avers that the defendants had "not kept their covenant aforesaid with the said plaintiff;" but that, on the contrary, a *fi. fa.* issued on said judgment, &c. had been returned *nulla bona*, and that the defendants had neglected and refused to pay the said damages and costs so recovered.

The record, after setting forth the entry of default for want of plea, proceeds as follows:—

"And now at this day, &c. comes the said Phineas Spalding, by his attorney aforesaid, and the said Ebenezer Prentiss and Issachar Frost, although solemnly called, come not, but make default: Whereupon, the said Phineas Spalding ought to recover his damages by reason of the premises."

"Therefore, it is considered that the said Phineas Spalding do recover against the said Ebenezer Prentiss and Issachar Frost, his damages aforesaid, on occasion of the breaches of covenant above assigned, *by the court now here assessed*, at the sum of $129.05, and also the further sum of $10.48, for his costs and charges," &c. "by the said circuit court, before the judges thereof, now here adjudged to the said Phineas Spalding, and with his assent."

After the return of the above record into this court, the plaintiff in error obtained an order for a further return to the writ of error; and thereupon, was brought up a tran-

script of an order in this cause, entered upon the journal of the circuit court, of which the following is a copy :—

[Title of the cause.]   " In this case, on motion of Christiancy in person, interlocutory judgment of default confirmed and made absolute, and, ordered, that *the clerk assess the damages ;* and, *the clerk having assessed the damages* to the sum of $129.05, on like motion, ordered, judgment final, for that sum, and costs to be taxed."

The errors assigned appear in the opinion of the court.

*H. T. Backus,* for the plaintiff in error.

*I. P. Christiancy* and *H. H. Emmons,* for the defendants in error.

FELCH, J. delivered the opinion of the Court.

1. It is contended that the declaration in this case was in covenant upon the condition of the replevin bond, and not in debt for the penalty ;—no penalty, and no particular amount for which the bond was given, being set forth ; that covenant is not maintainable upon the condition of a bond ; and that, therefore, the declaration was not sufficient to sustain a recovery.

The statute, (R. S. 1838; p. 524, § 5,) defines in general terms the condition of a replevin bond. Such bond does not usually contain an express covenant to pay the amount of the judgment, if the plaintiff in the replevin suit fails to recover : still, I cannot doubt that it would be competent to add such covenant to the usual condition of such bond. Nor, can there be any objection in law to a recovery upon such covenant voluntarily inserted by the parties.

The declaration in this case alleges that the bond declared upon contains such a covenant. Upon this writ of error, we can no more look beyond the description of the instrument contained in the declaration, than in case of a

general demurrer to the declaration.   This declaration is not upon the simple condition of a replevin bond, in the ordinary form, but is in covenant upon a bond containing also an express covenant to pay the amount of the judgment in the replevin suit.   The question whether covenant can be maintained upon the simple condition of a bond in the usual form, does not here arise.   I am not aware that it has ever been doubted, that, upon an express covenant, contained in such a bond, the action may be maintained.   And such is the instrument here described.   Although denominated a replevin bond, it is alleged to contain the express covenant declared upon.   For the purpose of this recovery, it was not necessary to set out the amount of the penalty.   If there was any thing in the instrument which could limit or defeat the right to recover the amount claimed by the plaintiff below, on the covenant declared upon, the rights of the parties might have been secured upon oyer of the bond or upon a trial.   But the plaintiffs in error have only presented the case made by the declaration, and that is sufficient to sustain the judgment.

2. Another error assigned is, that the damages were assessed by the court and not by the jury ; and that judgment was rendered therefor, and not for the penalty of the bond.

Sections 8 and 9 of R. S. 1838, p. 460, are relied upon to sustain this assignment of error.   These sections provide that, " in all actions brought for breach of the condition of a bond, or to recover a penalty for the non-performance of any covenant, contract, or agreement, when it shall appear by verdict, default, confession, or otherwise, that the condition is broken or the penalty forfeited, judgment shall be entered in the common form for the penal sum," and execution shall be awarded for so much only as is equitably due, to be ascertained by the court,

Prentiss *v.* Spalding.

or, if either party desire it, or the court see fit so to direct, by a jury.*

The plaintiff's declaration, as we have already seen, shows that his action is not brought for the breach of the condition of the bond, or to recover a penalty contained therein. If it were so, then the provision of the statute would apply; and the judgment should be for the penalty, with an award of execution for damages duly assessed. But in this declaration upon a covenant, merely, the judgment is correctly entered for damages, as in ordinary cases; and by the general provision of our statute, (R. S. 1838, p. 450, § 2,†) the court has power, in all cases of the default of a defendant, to assess the damages.

That the above recited statute in reference to suits brought for breach of the condition of a bond, or to recover a penalty, does not apply in the case here made, is evident from R. S. 1838, p. 460, § 12,‡ which expressly provides that nothing contained in the sections before cited " shall prevent any person from bringing an action for the breach of any covenant or other contract, instead of suing for the penalty by which the performance of the covenant or contract may have been secured."

3. It is further assigned for error that two judgments are rendered in the case; one on assessment of damages by the court, and the other on an assessment by the clerk; and it is insisted also, that the clerk had no power to assess damages in the case.

The judgment record shows the judgment duly entered in the case, on an assessment by the court; but the plaintiff in error, under an order from this court for a further return to the writ of error, has procured the return of an entry in the journal of the court below, showing a confirmation of the defendant's default, and a reference to;

* *Vide* R. S. 1846, ch. 107, § 10.   † Re-enacted R. S. 1846, ch. 107, § 17.   ‡ *Vide* R. S. 1846, ch. 105, §§ 1, 2.

and assessment by, the clerk, upon which judgment was rendered.

I do not deem it necessary here to inquire how far this court will, upon error, consider the journal entries made in the circuit court in the progress of a cause, because the entry before us neither contradicts the record of the judgment, nor does it show error in the proceedings.

The power of the court to assess damages in all cases at default, we have already seen, is given by the statute in broad terms. Damages may also be assessed, under the general or special order of the court, by the clerk, "in actions on promissory notes, and other contracts, where the amount due appears to be undisputed." R. S. 1838, p. 450, § 4.* Did the damages in this case appear to be undisputed? It would be difficult to conceive of a case more clearly of this description. The contract was a covenant to pay all costs and damages which should be awarded against said Prentiss, in a certain suit, clearly described in the bond and in the declaration, with an allegation that judgment had been rendered against him, in the suit, on a day specified, for $63 damages, and $50.08 costs. Here the contract, the judgment referred to in it, and the amount of that judgment, which was the measure of damages in the case before us, were all clearly and fully set out in the declaration. These were all admitted by the defendant's default; and appear, in the words of the statute, to be "undisputed." Nothing remained in doubt, or dependant upon testimony to fix an uncertain amount of damages upon the case thus set out, and thus admitted, and the reference to the clerk might, therefore, properly be made by the court.

Nor is there any thing in the journal entry, inconsistent with the record, in reference to the judgment rendered in

* *Vide* R. S. 1846, ch. 105, § 2.

the case.    Whenever the amount of damages is ascertained by such reference to the clerk, the statute further provides, that the "judgment shall be entered in the same form as if it had been awarded by the court, on an assessment or computation made by themselves."    R. S. 1838, p. 451, § 4.*    The journal entry is a memorandum of the daily proceedings of the court, during its sessions, and the entries there made in a cause, from time to time, afford materials from which the judgment record is to be made up.    In an assessment made by the clerk on a reference to him, the journal entry should properly show the fact; but still the assessment by him is so far considered an assessment by the court, that the judgment, when formally made up, is, under the statute, to be made in the same form as if the court themselves had made the assessment. The entry and judgment record in this case, then, are perfectly consistent.    Instead of showing two judgments, they show simply a proper entry on the journal of the proceedings of the court, and a judgment record made up in a proper manner from those entries of proceedings.

4.  The last error assigned is, that it does not appear which of the defendants below was surety, and which principal in the bond.    This, it is claimed, is necessary, both for the purpose of limiting the recovery against the surety, and also, because it is required by R. S. 1838, p. 451, § 9.

The section of the statute here referred to, introduces no new rule of pleading, and requires no new averment on the part of the plaintiff.    It merely authorizes a party to show to the court, that one of several defendants, is a mere surety for the other or others; and, upon such showing, requires an entry thereof to be made, and the goods of the principal first to be taken on the execution issued. In this case, no such proof appears to have been offered,

* *Vide* a similar provision in R. S. 1846, ch. 105, § 9.

and the record is therefore properly made up in the usual form.

W.hatever may be the rule of law as to the right of a recovery against either principal or surety in a bond, beyond the amount of the penalty, no such question can arise upon the record before us. The amount of the penalty in the bond is no where stated, nor was it, in my opinion, necessary to state it. It was sufficient for the plaintiff to set out such parts of the instrument upon which he declared, as formed the foundation of his action, and gave him a right to recover. This he has done by describing the instrument, and setting out the independent covenant upon which his suit was founded. If other portions of the same instrument so limited the right of recovery, under the covenant, as to be available to the defendants below, either to defeat the suit, or to reduce the amount of damages, the whole instrument was at their control upon oyer, or on the trial. The default of the defendants admitted the cause of action, as alleged; and it is now too late for them, upon a writ of error, to raise this objection to a record regular upon its face.

The judgment below must be affirmed with costs.

*Judgment affirmed.*